UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CARL GRABMAN, ESTHER PEARSON, JOYCE ABBOT, MARY JO OSHEIM, and SHARON LEITNER, on behalf of themselves and other similarly situated,<br><br>    Plaintiffs,<br>-v-<br><br>BRAKEBUSH BROTHERS, INC.,<br><br>             Defendant. | Case No. 07-CV-1031 |

**FINDINGS AND ORDER
CERTIFYING CLASS FOR SETTLEMENT PURPOSES,
PRELIMINARILY APPROVING PROPOSED SETTLEMENT,
APPROVING FORM AND DISSEMINATION OF CLASS NOTICE, AND
SETTING DATE FOR HEARING ON FINAL APPROVAL**

This cause comes before the Court on the motion of Plaintiffs for Preliminary Approval of Class and Collective Action Settlement. Defendant does not oppose the motion. Having considered Plaintiffs' Motion for Preliminary Approval of Class and Collective Action Settlement; having considered whether to certify a class for settlement purposes and whether the settlement is sufficient to warrant the issuance of notice to members of the Plaintiff Class; and having found that the proposed Settlement Agreement meets the applicable criteria for preliminary approval, the Court hereby **ORDERS, ADJUDGES AND DECREES** as follows:

    1.    All capitalized terms not otherwise defined in this Order shall have the same meaning ascribed in the Settlement Agreement.

    2.    The Court grants preliminary approval to the Settlement Agreement.

    3.    The Court will hold a hearing, pursuant to Federal Rule of Civil Procedure Rule 23(c) and (e), and 29 U.S.C. § 216, at the time and place indicated below for the purpose of determining: (i) whether the proposed settlement is fair, reasonable and adequate, and should,

therefore, be finally approved; (ii) the amount of attorneys' fees and expenses that should be awarded to counsel for the Plaintiffs; and (iii) the award of service payments to the Class Representatives.

4.  <u>Certification of Plaintiff Class Pursuant to Rule 23 of the Federal Rules of Civil Procedure.</u>  For purposes of the settlement of the Action (and only for such purposes, and without an adjudication on the merits), the Court finds that the requirements for certification pursuant to Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and the Local Rules of the United States District Court for the Eastern District of Wisconsin have been met as to the settlement class (hereinafter Plaintiff Class) defined below, in that:

> a.  The Court finds that the Plaintiff Class is ascertainable from records kept on file by Defendant Brakebush Brothers, Inc. ("Brakebush"), and the members of the Plaintiff Class are so numerous that their joinder before the Court would be impracticable.  Rule 23(a)(1) is satisfied.
>
> b.  The commonality requirement of Rule 23(a) is generally satisfied when members of the proposed Plaintiff Class share at least one common factual or legal issue.  Here the Named Plaintiffs have alleged questions of fact and law purportedly common to the proposed Plaintiff Class.  The Court preliminarily finds that there are one or more questions of fact or law common to the Plaintiff Class.  Rule 23(a)(2) is satisfied.
>
> c.  The Court finds that the Named Plaintiffs' claims are typical of the claims of the Plaintiff Class.  Rule 23(a)(3) is satisfied.
>
> d.  The Court finds that the Named Plaintiffs will fairly and adequately protect the interests of the Plaintiff Class in that: (i) the Named Plaintiffs'

interests and the nature of the claims alleged are consistent with those of the members of the Plaintiff Class, (ii) there appear to be no conflicts between or among the Named Plaintiffs and the Plaintiff Class, and (iii) the Named Plaintiffs and the members of the Plaintiff Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting complex class actions. Rule 23(a)(4) is satisfied.

e. Having considered the allegations of the Complaint, the Court finds that the allegedly common questions of fact and law predominate over questions of fact and law affecting only individual members of the Plaintiff Class. The Court finds that a resolution of this case in the manner proposed by the Settlement Agreement is superior to other available methods for a fair and efficient adjudication of the litigation. The proposed resolution of this case provides all members of the proposed Plaintiff Class with an opportunity to receive compensation in the form of back pay. In addition, the proposed resolution provides current and future employees with an opportunity to receive compensation for donning and doffing. In making these findings, the Court has considered, among other factors: (i) the interest of Plaintiff Class members in individually controlling the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the lack of any litigation concerning these same claims

already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum. Rule 23(b)(3) is satisfied.

    f.    The Court finds that Larson • King, LLP and Zimmerman Reed PLLP ("Settlement Class Counsel") are capable of fairly and adequately representing the interests of the Plaintiff Class. Settlement Class Counsel have done extensive work identifying or investigating potential claims in the Action and have litigated the validity of those claims. Settlement Class Counsel are experienced at handling class actions, other complex litigation, and claims of the type asserted in this Action. Settlement Class Counsel are knowledgeable of the applicable law, and Settlement Class Counsel have committed the necessary resources to represent the Plaintiff Class. Rule 23(g) is satisfied.

5.    <u>Certification of Plaintiff Class Pursuant to Fair Labor Standards Act (FLSA) Collective Action Provisions.</u> Based on the foregoing findings the Court also finds that, for the sole purpose of settlement, and without an adjudication on the merits, FLSA collective action certification is granted pursuant to 29 U.S.C. § 216(b). This action concerns a bona fide dispute over an FLSA provision, and the settlement provides a fair and adequate resolution to that dispute.

6.    The Plaintiff Class is defined as follows:

    a.    All current or former production employees, defined as hourly nonexempt employees who work on Lines 1-8 and in the meat preparation, marination, tray pack, cartoning, and fillet cutting departments, who worked for Brakebush in Wisconsin at any time between November 20,

2004, and May 25, 2008, shall be members of the Plaintiff Class. Persons who previously opted into this lawsuit by filing a consent to join pursuant to 29 U.S.C. § 216(b) but who did not work in production as defined herein or in sanitation as defined in paragraph 2.b of the Settlement Agreement, at any time three years preceding the date the employee opted into this Action are not part of the Plaintiff Class.

    b.    All current or former sanitation employees, defined as hourly nonexempt employees who work in sanitation and who worked for Brakebush in Wisconsin at any time between November 20, 2004 and May 25, 2008, shall be members of the Plaintiff Class. Persons who previously opted into this lawsuit by filing a consent to join pursuant to 29 U.S.C. § 216(b) but who did not work in sanitation as defined herein or in production as defined in paragraph 2.a of the Settlement Agreement, at any time three years preceding the date the employee opted into this Action are not part of the Plaintiff Class.

7.    The Court appoints the Named Plaintiffs as the Class Representatives for the Plaintiff Class, and Larson • King, LLP and Zimmerman Reed PLLP as Settlement Class Counsel for the Plaintiff Class.

    8.    <u>Preliminary Findings Regarding Proposed Settlement.</u>

        a.    The Court preliminarily finds that: (i) the proposed settlement resulted from extensive arm's-length negotiations and was concluded only after Settlement Class Counsel had conducted adequate discovery and had consulted independent experts about the issues raised by the Named

-5-
Case 2:07-cv-01031-JPS   Filed 07/02/08   Page 5 of 12   Document 54

Plaintiffs' claims; (ii) Settlement Class Counsel have concluded that the proposed settlement is fair, reasonable, and adequate; and (iii) the proposed settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the settlement to the Plaintiff Class and holding a full hearing on the proposed settlement. Accordingly, the terms of the settlement and Settlement Agreement are hereby preliminarily approved and made a part of this Order, and shall be submitted to the Plaintiff Class members for their consideration and for a hearing under Rule 23(e) of the Federal Rules of Civil Procedure and section 216(b) of the Fair Labor Standards Act on whether to grant final approval to the proposed settlement.

b. In the event that the Parties fail to consummate the settlement or the settlement is not finally approved by the Court or not consummated for any other reason, then: (i) this Preliminary Approval Order shall be vacated by further Order of the Court, without prejudice to any positions of the Parties with respect to any procedural or substantive issues in the Action, including but not limited to, the rights of the Defendant to challenge any motion for class certification; and (ii) all of the other provisions in the Settlement Agreement regarding what the Parties' respective rights and positions shall be in this event will apply and remain binding and enforceable.

9. <u>Final Approval Hearing</u>. A Final Approval Hearing is scheduled for **1:00 p.m. on Wednesday, September 24, 2008**, before the Honorable J. P. Stadtmueller, in the United States

District Court for the Eastern District of Wisconsin, Courtroom 425, United States Courthouse, 517 East Wisconsin Avenue, Milwaukee, Wisconsin, to determine, among other things:

- Whether the Action should be finally certified as a class and collective action solely for settlement purposes;

- Whether the settlement should be approved as fair, reasonable, and adequate;

- Whether any objection to the settlement by Plaintiff Class members has merit;

- Whether the Notice provided for by the Settlement Agreement: (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Plaintiff Class of the pendency of the Action, their right to object to the settlement, and their right to appear at the Final Approval Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

- Whether the motion for attorneys' fees and expenses filed by Settlement Class Counsel should be approved; and

- Whether the motion for service awards for the Class Representatives should be approved.

10. <u>Class Notice and Notice-Related Dates and Deadlines</u>. The proposed Notice of Hearing ("Notice") and Settlement Claim Form ("Claim Form"), attached as Exhibits B and C to the Settlement Agreement, are approved as to form and substance. The Court finds that the

Notice fairly and adequately: (a) describes the terms and effect of the Settlement Agreement and of the settlement; (b) notifies the Plaintiff Class concerning the proposed claims process; (c) notifies the Plaintiff Class that Settlement Class Counsel will seek service awards for the Class Representatives from the Settlement Fund in an aggregate amount not to exceed $25,000, and will seek litigation costs, including but not limited to expert fees, mediator fees, translation fees, court reporter fees, and attorneys' fees not to exceed $500,000; (d) give notice to the Plaintiff Class of the time and place of the Final Approval Hearing; and (e) describe how the recipients of the Notice may object to any of the relief requested. The Notice shall be disseminated to the Plaintiff Class members as provided for in the Settlement Agreement.

The Court hereby adopts the following dates and deadlines:

| | |
|---|---|
| July 30, 2008: | Last day for direct mailing of Notice. |
| September 12, 2008: | Last day (evidenced by postmark) for Plaintiff Class members to submit an objection to, opt out of, or comment on the proposed settlement. |
| September 24, 2008: | Final Approval Hearing. |
| October 15, 2008: | Last day for filing claims/consent to join forms. |

At or before the Final Approval Hearing, Settlement Class Counsel shall file with the Court a proof of timely compliance with the foregoing mailing requirements.

11. <u>Settlement Class Counsel Filings</u>. Settlement Class Counsel will submit a memorandum in support of final approval of the Settlement Agreement and motion for attorneys' fees and service award payments, and for reimbursement of costs and expenses in accordance with law and the local court rules.

12. <u>Requests for Exclusion.</u> Any members of the Plaintiff Class who wish to exclude themselves from, or opt out of, the Plaintiff Class, must send a written request for exclusion to

the Clerk of Court and Settlement Class Counsel and Defendant's Counsel, postmarked no later than September 12, 2008, to the following addresses:

>    Clerk of Court
>    United States District Court for the Eastern District of Wisconsin
>    362 United States Courthouse
>    517 East Wisconsin Avenue
>    Milwaukee, WI 53202
>
>    Settlement Class Counsel
>    T. Joseph Snodgrass
>    Larson • King, LLP
>    2800 Wells Fargo Place
>    30 East Seventh Street
>    St. Paul, MN 55101
>
>    Brakebush Brothers, Inc.'s Counsel
>    George K. Steil, Jr.
>    Brennan, Steil & Basting, S.C.
>    One East Milwaukee Street
>    P. O. Box 1148
>    Janesville, WI 53547-1148

A request for exclusion is valid only if it: (i) sets forth, with respect to the person requesting exclusion, that person's name, address, telephone number, and social security number and the dates the person worked at Brakebush Brothers and what position(s) the person worked in; (ii) is either titled "Request for Exclusion" or includes a statement that the Plaintiff Class member wishes to be excluded from the Plaintiff Class; and (iii) is signed by or on behalf of the person.

If a request for exclusion does not substantially comply with this Order, then it shall not be an effective request for exclusion. The person submitting an ineffective request for exclusion shall for all purposes be a member of the Plaintiff Class and bound by the terms of the Settlement Agreement and any orders or judgment entered in connection therewith by the Court. All persons who make an effective request for exclusion from the Plaintiff Class shall not be

members of that class and shall have no rights whatsoever with respect to the settlement or the benefits which may be provided or available.

13. <u>Objections to Settlement.</u> Any member of the Plaintiff Class who wishes to object to the fairness, reasonableness, or adequacy of the settlement, to the claims process, to any term of the Settlement Agreement, to the proposed award of attorneys' fees, costs and expenses, or to any request for service awards for the Class Representatives, may file an objection. To do so, an objector must file with the Court and serve upon Settlement Class Counsel and Defendant's Counsel a statement of his or her objection(s) that includes: (a) the objector's name, address, telephone number, social security number, the dates the objector worked at Brakebush Brothers and what position(s) the objector worked in; and (b) the specific grounds for the objections. The addresses for filing objections with the Court and service on counsel are as follows:

> Clerk of Court
> United States District Court for the Eastern District of Wisconsin
> 362 United States Courthouse
> 517 East Wisconsin Avenue
> Milwaukee, WI 53202
>
> Settlement Class Counsel
> T. Joseph Snodgrass
> Larson • King, LLP
> 2800 Wells Fargo Place
> 30 East Seventh Street
> St. Paul, MN 55101
>
> Brakebush Brothers, Inc.'s Counsel
> George K. Steil, Jr.
> Brennan, Steil & Basting, S.C.
> One East Milwaukee Street
> P. O. Box 1148
> Janesville, WI 53547-1148

No Plaintiff Class member shall be heard and no papers, briefs, pleadings, or other documents submitted by any Plaintiff Class member shall be received and considered by the Court unless the objector or his or her counsel (if any) sends the objection to counsel listed above and to the Court, postmarked no later than September 12, 2008. Any member of the Plaintiff Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the settlement, and any untimely objection shall be barred.

14. <u>Notice Expenses.</u> The expenses of printing, mailing, publishing, and translating all Notices required shall be paid by Brakebush Brothers as provided in paragraph 8 of the Settlement Agreement.

15. <u>Service of Papers.</u> Brakebush Brothers' Counsel and Settlement Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

16. <u>Claims Administration.</u> Brakebush Brothers will retain a Claims Administrator to conduct claims administration in accordance with the Settlement Agreement.

17. <u>Termination of Settlement.</u> This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the settlement is terminated in accordance with the Settlement Agreement. In such event, paragraph 15 of the Settlement Agreement shall govern the rights of the Parties.

18. <u>Use of Order.</u> This Order shall be of no force or effect if the settlement does not become final and shall not be construed or used as an admission, concession or declaration by or against the defendant of any fault, wrongdoing, breach or liability or concession as to any issue,

including the appropriateness of class certification. Nor shall the Order be construed as an admission, concession or declaration by or against the Named Plaintiffs or the Plaintiff Class that their claims lack merit or that the relief requested in the Complaint is inappropriate, improper or unavailable, or as a waiver by any Party of any defense or claims he, she or it may have.

19. <u>Rescheduling of Hearing.</u> The Court reserves the right to reschedule the Final Approval Hearing without further written notice.

20. <u>Stay.</u> This Action is stayed pending the Court's ruling on the settlement at the Final Approval Hearing. Plaintiff Class members are enjoined from filing or prosecuting any action based on or in any way related to the Settled Claims until the Court's ruling on the settlement at the Final Approval Hearing.

**SO ORDERED** at Milwaukee, Wisconsin, this 2nd day of July, 2008.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge