# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CARL GRABMAN, ESTHER PEARSON,
JOYCE ABBOT, MARY JO OSHEIM,
and SHARON LEITNER, on behalf of themselves
and other similarly situated,

                Plaintiffs,

-v-                                                    Case No. 07-CV-1031

BRAKEBUSH BROTHERS, INC.,

                Defendant.

## ORDER FOR FINAL JUDGMENT
## AND JUDGMENT

This case comes before the Court on the Motion of Plaintiffs for Final Approval of Class and Collective Action Settlement and Motion for an Award of Service Payments to Class Representatives and for an Award of Attorneys' Fees, Costs, and Expenses to Settlement Class Counsel, the memoranda filed in support thereof, the oral arguments of counsel and the applicable law. Having found that the Settlement Agreement meets the applicable criteria for final approval and having found that Settlement Class Counsel's request for Class Representative service payments, attorneys' fees, costs, and expenses meet the applicable criteria for approval,

The Court hereby **ORDERS, ADJUDGES,** and **DECREES** as follows:

1. The Named Plaintiffs and Defendant Brakebush Brothers, Inc. ("Brakebush Brothers"), entered into a Settlement Agreement dated June 30, 2008.

2. On July 2, 2008, the Court entered Findings and an Order, which; (i) certified for settlement purposes a Class; (ii) preliminarily approved the settlement as to the Settlement Class ("Plaintiff Class"); (iii) approved the forms and methods of notice of the settlement to members of the Plaintiff Class; (iv) directed that appropriate notice of the settlement be given to the Plaintiff Class; and (v) set a hearing date for final approval of the settlement.

3. Notice of the settlement was mailed to the Plaintiff Class by July 30, 2008. The parties through a claims administrator also established a website for Plaintiff Class members to access the Settlement Agreement and notice of the settlement, and set up a toll-free telephone number to receive Plaintiff Class member inquiries. No Settlement Class members have elected to be excluded from the Plaintiff Class. No Plaintiff Class members filed formal objections to the settlement.

4. On September 24, 2008, at 1:00 p.m., in Courtroom 425, in the United States District Court for the Eastern District of Wisconsin, 517 East Wisconsin Avenue, Milwaukee, Wisconsin, the Court held a hearing on whether the settlement was fair, reasonable, adequate, and in the best interests of the Plaintiff Class ("Final Approval Hearing"). At the Final Approval Hearing, the Class Representatives and the Plaintiff Class were represented by T. Joseph Snodgrass and Kelly Swanson

of the firm Larson • King, LLP, and J. Gordon Rudd, Jr. and Anne T. Regan of the firm Zimmerman Reed PLLP ("Settlement Class Counsel").  George K. Steil and Dennis M. White appeared on behalf of Brakebush Brothers.  The Court also afforded the opportunity to hear from other persons who chose to appear at the Final Approval Hearing; however, there were no other appearances.

5. The form, content, and method of dissemination of the notice given to the Plaintiff Class fully complies with the requirements of the Fair Labor Standards Act, Rule 23 of the Federal Rules of Civil Procedure, and due process, constituted the best notice practicable under the circumstances, and is due and sufficient notice to all parties entitled to notice of the settlement of this Action.

6. **Settlement Class Findings.**  For purposes of the settlement of the Action (and only for such purposes, and without an adjudication on the merits), the Court finds that the requirements for certification of the Federal Rules of Civil Procedure, the United States Constitution, and the Local Rules of the United States District Court for the Eastern District of Wisconsin have been met as to the Settlement Class defined below, in that:

> (a). The Court finds that the Plaintiff Class is ascertainable from records kept on file by Defendant Brakebush Brothers, Inc. ("Brakebush"), and the members of the Plaintiff Class are so numerous that their joinder before the Court would be impracticable.  Rule 23(a)(1) is satisfied.

(b). The commonality requirement of Rule 23(a) is generally satisfied when members of the proposed Plaintiff Class share at least one common factual or legal issue. Here the Named Plaintiffs have alleged questions of fact and law purportedly common to the proposed Plaintiff Class. The Court finds that there are one or more questions of fact or law common to the Plaintiff Class. Rule 23(a)(2) is satisfied.

(c). The Court finds that the Named Plaintiffs' claims are typical of the claims of the Plaintiff Class. Rule 23(a)(3) is satisfied.

(d). The Court finds that the Named Plaintiffs will fairly and adequately protect the interests of the Plaintiff Class in that (i) the Named Plaintiffs' interests and the nature of the claims alleged are consistent with those of the members of the Plaintiff Class, (ii) there appear to be no conflicts between or among the Named Plaintiffs and the Plaintiff Class, and (iii) the Named Plaintiffs and the members of the Plaintiff Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting complex class actions. Rule 23(a)(4) is satisfied.

(e). Having considered the allegations of the Complaint, the Court finds that the allegedly common questions of fact and law predominate over questions of fact and law affecting only individual members of the Plaintiff Class. The Court finds that a resolution of this case in the

manner proposed by the Settlement Agreement is superior to other available methods for a fair and efficient adjudication of the litigation. The proposed resolution of this case provides all members of the proposed Plaintiff Class with an opportunity to receive compensation in the form of back pay. In addition, the proposed resolution provides current and future employees with an opportunity to receive compensation for donning and doffing. In making these findings, the Court has considered, among other factors: (i) the interest of Plaintiff Class members in individually controlling the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the lack of any litigation concerning these same claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum. Rule 23(b)(3) is satisfied.

(f). The Court finds that Larson • King, LLP and Zimmerman Reed PLLP ("Settlement Class Counsel") are capable of fairly and adequately representing the interests of the Plaintiff Class. Settlement Class Counsel have done extensive work identifying or investigating potential claims in the Action and have litigated the validity of those claims. Settlement Class Counsel are experienced at handling class actions, other complex litigation, and claims of the type asserted in this Action.

Settlement Class Counsel are knowledgeable of the applicable law, and Settlement Class Counsel have committed the necessary resources to represent the Plaintiff Class. Rule 23(g) is satisfied.

9. Based on the foregoing findings the Court also finds that, for the sole purpose of settlement, and without an adjudication on the merits, FLSA collective action certification is granted pursuant to 29 U.S.C. § 216(b). This action concerns a bona fide dispute over an FLSA provision, and the settlement provides a fair and adequate resolution to that dispute.

10. The settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Plaintiff Class.

11. The Class Representatives and Settlement Class Counsel have fairly and adequately represented the interests of the Plaintiff Class.

12. This Action is dismissed with prejudice.

13. The Named Plaintiffs and all Plaintiff Class members are permanently enjoined and barred from commencing or prosecuting any action asserting any of the Settled Claims (as defined in the Settlement Agreement) against any of the Released Parties (as defined in the Settlement Agreement), either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority, tribunal, or forum wherever located. Any person or entity who knowingly violates this injunction shall pay the costs and attorneys' fees

incurred by Brakebush Brothers or any other Released Party as a result of the violation. The Named Plaintiffs and members of the Plaintiff Class who have not opted out are bound by the release of claims set forth in paragraph 11 of the Settlement Agreement.

14. Settlement Class Counsel are awarded reimbursement of expenses, disbursements, and costs, including expert fees, mediator fees, and attorneys' fees, in the amount of Five Hundred Thousand Dollars ($500,000.00). The Class Representatives are each awarded Class Representative service fees in the amount of Five Thousand Dollars ($5,000.00) for reimbursement of their time expended and the risks undertaken on behalf of the Plaintiff Class. Such amounts as awarded shall be paid in accordance with the terms of the Settlement Agreement.

15. The Court shall retain continuing jurisdiction over this action, the Parties and all Plaintiff Class members to determine all matters relating in any way to this Order, the Preliminary Approval Order, the Judgment, or the Settlement Agreement, including but not limited to their administration, implementation, interpretation, or enforcement.

16. In the event that this judgment does not become "final" in accordance with paragraph 15 of the Settlement Agreement, then the judgment shall be rendered null and void to the extent provided by and in accordance with paragraph 16 of the Settlement Agreement, and this Order for Final Judgment shall be

vacated. Upon vacation, all orders entered in connection with the settlement shall be null and void. In such event, this Action shall return to its respective status prior to execution of the Settlement Agreement as if the Settlement Agreement had never been executed.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

**SO ORDERED** at Milwaukee, Wisconsin, this 25th day of September, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

**JUDGMENT** entered this 25th day of September, 2008.

JON W. SANFILIPPO
Clerk of Court

s/Nancy A. Monzingo
By: Deputy Clerk